## Schweitzer v. Rockwell International

*Daniel W. Ernsberger,* for plaintiff.

*John C. Unkovic,* for defendant Rockwell International.

HORGOS, *J.,* September 8, 1989 — Plaintiff, Cara Schweitzer, filed a civil action against defendants, James W. Barson and Rockwell International, for damages sustained as a result of defendant Barson's sexual harassment of plaintiff and sexual advances toward plaintiff made by defendant Barson. Defendant Barson was plaintiff's former employment supervisor and defendant Rockwell was and continues to be plaintiff's employer.

Two counts of plaintiff's five-count amended complaint are against defendant Rockwell. Count II alleges that Rockwell violated the Pennsylvania Human Relations Act; count V alleges that Rockwell is vicariously liable for the intentional tortious assaults of plaintiff by defendant Barson performed during the course of plaintiff's employment.

Defendant Rockwell filed a motion for summary judgment in which it argued that both of plaintiff's claims against Rockwell are barred as a matter of law. After argument, the court granted Rockwell's motion for summary judgment on June 19, 1989. Plaintiff's appeal followed.

Summary judgment may only be entered in those cases which are clear and free from doubt. The court must determine whether there exists any genuine issue of triable fact. *Consumer Party of Pennsylvania v. Commonwealth,* 510 Pa. 158, 174-5, 507 A.2d 323, 331 (1986). The moving party has the burden of proving that no genuine issue exists as to the material facts and the record must be examined in a light most favorable to the non-moving party. *Thompson v. Nason Hospital,* 370 Pa. Super. 115, 535 A.2d 1177 (1988).

In making the determination, the court must accept as true all properly pleaded facts as well as all reasonable inferences which might be drawn therefrom. Parties seeking to avoid the entry of summary judgment against them may not rest upon averments contained in their pleadings. They are required to show, by depositions, answers to interrogatories, admissions or affidavits that there is a genuine issue for trial, and the court must ignore contraverted facts contained in the pleadings. *Overly v. Kass*, 382 Pa. Super. 108, 554 A.2d 970 (1989).

Here, the facts relevant to the summary judgment are uncontraverted. Only a question of law remained for the court to determine in granting Rockwell's motion for summary judgment.

Plaintiff's first cause of action against Rockwell stated in count II of her complaint arises from Rockwell's alleged violation of the PHRA. Plaintiff had originally filed a complaint against Rockwell with the Pennsylvania Human Relations Commission on September 16, 1985 based on the same claims alleged in the instant complaint. On June 2, 1986, less than one year after plaintiff filed her complaint with the PHRC and before the PHRC completed its investigation, plaintiff requested that the PHRC transfer her claim to the Equal Employment Opportunity Commission. The PHRC granted plaintiff's request on August 11, 1986 and closed plaintiff's case.

PHRA section 12(b), 43 P.S. §962(b) provides in pertinent part:

"[A]s to acts declared unlawful by section five of this act the procedure herein provided shall, when invoked, be exclusive and the final determination therein shall exclude any other action, civil or criminal, based on the same grievance of the complainant concerned. If such complainant institutes any action based on such grievance without resort-

ing to the procedure provided in this act, [she] may not subsequently resort to the procedure herein."

In 1974, the act was amended to provide for an exception to the rule of exclusivity and enable PHRA action to be brought in the Pennsylvania courts in limited circumstances. Section 12(c) of the act provides that the rights of a complainant invoking the procedures under the PHRA shall not be foreclosed from the courts, "if within one year after the filing of a complaint with the commission, the commission dismisses the complaint or has not entered into a conciliation agreement to which the complainant is a party. . . . " 43 P.S. §962(c).

In *Fye v. Central Transportation Inc.,* 487 Pa. 137, 409 A.2d 2 (1979), the Pennsylvania Supreme Court held that when the PHRC closed its file at the request of the complainant within one year after the complaint was filed, the PHRC had neither dismissed the plaintiff's complaint nor entered into a conciliation agreement as set forth in section 12(c) of the PHRA, *supra.* Consequently, the court had no jurisdiction to hear the PHRA claim.

The plaintiff in *Fye,* as here, filed a complaint with the PHRC and then requested that the PHRC terminate the case in deference to a proceeding that she had filed with the EEOC. After the PHRC granted the plaintiff's request, she then filed an action in the Court of Common Pleas of Cambria County alleging that she had been unlawfully discriminated against in her employment on the basis of sex in violation of the PHRA.

The trial court sustained the defendant's preliminary objection for lack of jurisdiction under PHRA section 12(b) and the Pennsylvania Supreme Court affirmed. The court held that because "appellant's file with the PHRC was closed at her request . . . neither of the conditions provided by section 12(c)

have been met." *Fye v. Central Transportation Inc.* at 141, 409 A.2d at 5. The court explained:

"Obviously, the rule of exclusivity was of high priority in the legislative scheme; as first promulgated, the act provided for no exception to the rule, after a number of years of experience the General Assembly was willing only to provide two carefully defined situations. This history provides no basis for a judicial finding of an implicit legislative intent to extend the expressly unambiguous perimeters of the terms of the 12(c) exceptions." *Fye,* 487 Pa. at 142, 409 A.2d at 5.

The facts in *Fye* are indistinguishable from those in the instant case. Here, plaintiff voluntarily dismissed her complaint filed with the PHRC within nine months after filing it. As in *Fye* neither of the limited conditions provided in section 12(c) which would allow plaintiff's action to be brought in the Court of Common Pleas of Allegheny County have been met. Thus, because plaintiff failed to pursue her exclusive statutory remedy for sexual harassment in the workplace, she is precluded from relief by this court.

As Justice Flaherty stated in *Clay v. Advanced Computer Applications Inc., Bjorn Gruenwald and Richard Baus,* Supreme Court of Pennsylvania, E.D. J-244-88: "Thus, the statutory scheme would be frustrated if aggrieved employees were permitted to circumvent the PHRC by simply filing claims in court. This would result in the very sort of burdensome, inefficient, time-consuming, and expensive litigation that the PHRC was designed to avert, and would substantially undermine the proper role of the PHRC."

Count V of plaintiff's amended complaint alleges that defendant Rockwell is vicariously liable for defendant Barson's intentional tortious assaults of

plaintiff which occurred during plaintiff's course of employment. Plaintiff argues that she was not required to exhaust the applicable administrative remedies because the PHRC could not award her the damages for emotional distress which she sought. Again, however, plaintiff ignores the unequivocal language in the PHRA and the Supreme Court's statement in *Fye v. Central Transportation Inc., supra,* that the PHRA provides that when the statutory procedure is invoked, it is exclusive. 487 Pa. at 141, 409 A.2d at 4.

Thus, because plaintiff filed a complaint with the PHRC and voluntarily withdrew her complaint within one year after filing, this court has no jurisdiction to hear the PHRA claims.

Finally, plaintiff's claim against defendant Rockwelll arising from vicarious liability as stated in count V of her amended complaint is barred by of exclusivity provision of the Pennsylvania Workmen's Compensation Act, 77 P.S. §481. The Workmen's Compensation Act bars all common-law actions against an employer to recover damages for an intentional tort which injured the employee during the course of her employment: *Poyser v. Newman and Company,* 514 Pa. 32, 522 A.2d 548 (1987). The Pennsylvania Supreme Court has recently stated that there are no exceptions to the exclusivity provision of the Pennsylvania Workmen's Compensation Act: *Barber v. Pittsburgh Corning Corp.,* 521 Pa. 29, 555 A.2d 766 (1989). Even if the court were to accept plaintiff's argument that her cause of action against defendant Rockwell based on vicarious liability for an intentional tort is not precluded by the terms of the PHRA, her claim is still barred by the Workmen's Compensation Act.

For all of the foregoing reasons, the court granted defendant's motion for summary judgment.