# Andrus v. American Color and Chemical Corporation

*Martin Singer,* for plaintiffs.

*Kenneth Willman* and *Ruth Antinone,* for defendants American Color and Chemical Corporation, Koppers Company Inc., and North American Phillips Corporation.

*Daniel Siegel,* for defendant Pfister Chemical Inc.

BROWN, *P.J.,* February 15, 1990 — Plaintiffs filed this action against 16 corporate defendants alleging that defendants jointly and individually produced, shipped, stored, used, processed, purchased, and sold highly toxic chemicals at one or both of two chemical plants located in Lock Haven, Pennsylvania. Plaintiffs also allege that defendants dumped or otherwise disposed of toxic chemicals in and around Lock Haven in a manner which con-

taminated the air, earth, and water in the vicinity. Plaintiffs include workers/residents and residents only of the Lock Haven area. In addition the wives of three former employees have filed claims for loss of consortium.

Defendants American Color and Chemical Corporation, North American Phillips Corporation, Koppers Company Inc. and Pfister Chemical Inc. have filed motions for judgment on the pleadings. Defendants' motions allege that the Pennsylvania Workers' Compensation Act and Occupational Disease Act establish that an employee's exclusive remedy for an injury received during the course of his or her employment is that provided by the Workers' Compensation or Occupational Disease Acts. Defendants are requesting that the causes of action brought by plaintiff employees, as well as the claims for loss of consortium filed by their wives, be dismissed.

## ISSUES

(1) Whether those plaintiffs who were formerly employed by American Color and Chemical, Koppers and/or the American Aniline Products Company or by Pfister Chemical's predecessor-in-interest or its successor-in-interest may invoke the dual-capacity exception to the exclusivity provisions of the Pennsylvania Workers' Compensation Act and the Occupational Disease Act to maintain their causes of action against their former employers?

(2) Whether the loss of consortium claims filed by wives of former employees are independent causes of action that can be maintained against defendants regardless of the validity of the claims filed by their husbands?

## DISCUSSION

### Dual-capacity Exception

On July 9, 1986 this court addressed the issue of the dual-capacity exception to the exclusive remedy provision of the Workmen's Compensation Act, 77 Pa.C.S. §481. The court in its opinion stated:

"An employer may be held liable to an injured employee when an injury for which the employer is responsible does not occur in the normal course and scope of the employee's job. The employer takes on the 'dual capacity' of both an employer as well as an independent entity with regard to the employee who was injured in his status as a member of the general public . . .

"Those plaintiffs who were employees of American Color and Chemical, Koppers, and North American Phillips are claiming damages for injuries received both in the course of their employment and from their residence in the Lock Haven area. Obviously these plaintiffs are claiming that their injuries resulted in part from the activities of their employers directed toward the general public. These plaintiffs claim that they were injured as members of the general public and not as employees by the defendants' activities. The nature of the plaintiffs' alleged injuries obviously creates problems of proof with regard to apportioning the injuries between those received while on the job and those suffered outside the scope of employment. Nonetheless, plaintiffs have stated a viable cause of action for those injuries which they can prove took place outside of the employer/employee relationship."

Defendants have cited three decisions by the Supreme Court of Pennsylvania on the issue of

the application of the exclusive remedy provision since the issue was last presented to this court in 1986. In each case cited plaintiff was injured while in the course of employment at the work place. In *Poyser v. Newman and Co. Inc.*, 514 Pa. 32, 522 A.2d 548 (1987) the plaintiff was operating a notching machine, which had been designed and manufactured by Newman, during the course of his employment at Newman's factory. Plaintiff lost a portion of his small finger when one of his hands came in contact with the spinning blades. Plaintiff did not rely on the concept of dual capacity in contending that Newman should not be permitted to assert the statutory immunity from common-law actions for employee injury. Instead he asserted that Newman's willful and wanton disregard for employee safety was a legal equivalent of an intentional tort and as such should preclude Newman from raising the section 303(a) immunity.

In *Heath v. Church's Fried Chicken*, 519 Pa. 274, 546 A.2d 1121 (1988), the plaintiff/employee was injured while operating machinery used and manufactured by his employer. The court held that the "dual-capacity" exception cannot apply where the employee's compensable injury occurred while he was actually engaged in the performance of his job.

In *Barber v. Pittsburgh Corning Corporation*, 521 Pa. 29, 555 A.2d 766 (1989), 75 plaintiffs claimed that they contracted asbestos-related diseases as a result of their employment for a manufacturer of asbestos-containing products. The issue was whether the Occupational Disease Act bars common-law recovery for a injury to an employee alleged to have been intentionally inflicted by an employer. The court held that the

legislature does not recognize an intentional tort exception for employers and cited the *Poyser* decision.

Defendant Pfister cites *Callender, Administratix of the Estate of Gary Callender v. Goodyear Tire and Rubber Company*, 387 Pa. Super. 283, 564 A.2d 180 (1989), rearg't denied September 25, 1989. There the Superior Court found that the employer, even though it was also a manufacturer of a product sold to the general public, could not be held liable under the dual-capacity doctrine for a tort claim in the nature of a product liability action brought by an employee when the employee's compensable injury occurred while he was actually engaged in the performance of his job. The *Callender* court noted that the Supreme Court has shifted its focus from whether there was a separate duty owed by the employer to the public and whether the employee could be distinguished from a member of the public to whom that duty was owed to focusing exclusively on whether the employee was acting in the course of his or her employment when the injury occurred.

In the case at bar the employees have alleged that in addition to being exposed to toxic chemicals at work that defendants created 17 toxic chemical waste dumping sites in or around the Lock Haven area thus discharging contamination into the water resources, the earth, and the air. These plaintiffs claim that as residents of the area they and all other members of the public were exposed to toxic chemicals every time they drank water or breathed contaminated air as residents of the area.

In that capacity there is no basis for distinguishing them from other members of the general

public. The court therefore finds that the exclusivity provision of the Workers' Compensation Act does not bar the causes of action of the plaintiffs/ employees who are also plaintiffs/residents in the present matter and the dual-capacity doctrine is applicable to their situations. The court will therefore deny defendants' motion for judgment on the pleadings.

## Loss of Consortium Claims

Defendants argue the loss of consortium claims brought by the three wives should be dismissed since these claims are derivative and cannot stand if the husbands' claims are dismissed.

"The infliction of a non-fatal injury upon one spouse now confers separate and distinct rights of action upon both spouses." *Hopkins v. Blanco,* 457 Pa. 90, 320 A.2d 139 (1974); *Buttermore v. Aliquippa Hospital,* 522 Pa. 325, 561 A.2d 733 (1989). The claim of a wife for damages for loss or consortium resulting from an injury to her husband caused by a third person is derivative in nature in that it is dependent upon the existence of liability on the part of the tortfeasor for the injury to the other spouse. Thus, where the plaintiff/husband's claim for his own injury is litigable, his wife's claim for loss of consortium is appropriate.

## ORDER

And now, February 15, 1990, based upon the foregoing opinion, it is hereby ordered that defendants' motions for judgment on the pleadings be dismissed and the requested relief be denied.