Frank J. HOLDAMPF, Plaintiff,

v.

FIDELITY & CASUALTY COMPANY OF NEW YORK, Navistar International Corporation, Sears, Roebuck & Company, J.B. Hunt Transport Services, Inc., James N. Tolar, Romano & Romano, Amira Zodi Tirdad and Pennsylvania Department of Transportation Center for Highway Safety, Defendants.

Civ. A. No. 91–2083.

United States District Court,
W.D. Pennsylvania.

June 16, 1992.

Frank J. Holdampf, pro se.

Robert G. Simasek, Pittsburgh, Pa.; Edward A. Gray, Philadelphia, Pa.; Arnold V. Plum; Joseph A. Petrarca; and David J. Obermeyer, Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION

LEWIS, District Judge.

In this case, plaintiff Frank Holdampf, acting *pro se*, has sued various entities and persons for injuries he suffered in a tractor trailer accident on September 8, 1989. Pending before the court are motions for summary judgment filed by defendants James N. Tolar and J.B. Hunt Transport, Inc. ("J.B. Hunt"), and motions to dismiss filed by defendants Fidelity & Casualty Co. of New York ("Fidelity"); Sears, Roebuck & Co. ("Sears"); Romano & Romano; and the Pennsylvania Department of Transportation Center for Highway Safety ("Penn DOT"). Because Sears and Fidelity filed affidavits in support of their motions to dismiss, the court has notified the parties that these motions would be treated as summary judgment motions and has considered the further documentation submitted by plaintiff in response to that notice. For the following reasons, the court will grant all of defendants' outstanding motions.

## FACTS

The facts of this case are undisputed. On September 8, 1989, plaintiff Frank J. Holdampf and defendant James N. Tolar, employees of J.B. Hunt, were driving a J.B. Hunt tractor trailer from Chicago, Illinois to Brooklyn, New York when an accident occurred at a construction site on Interstate 80 in Butler County, Pennsylvania. Apparently, plaintiff was a driver-trainee at the time.

Tolar was driving and the plaintiff was emerging from the sleeper compartment of their truck, when plaintiff noticed that the truck was "tailgating" an automobile driven by defendant Amira Zodi Tirdad. The vehicles were 20 feet apart and traveling approximately 55 miles per hour. Tirdad lost control of his automobile, and the J.B.

Hunt truck crashed into it. Plaintiff suffered severe bodily injury.

Plaintiff brought this action against the above-named defendants, Navistar International Corp. (the alleged manufacturer of the truck), and Amira Zodi Tirdad seeking damages for his physical injuries and financial losses.

## DISCUSSION

### I. Motions for Summary Judgment

As noted above, defendants J.B. Hunt, Tolar, Fidelity and Sears have filed motions for summary judgment. Federal Rule of Civil Procedure 56(c) provides that summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

When confronted with a motion for summary judgment, it is not the court's function to weigh the evidence and determine the truth of the matter, but rather simply to determine whether there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

The moving party has the burden of identifying those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The nonmoving party then must go beyond the pleadings and, by affidavits, depositions, answers to interrogatories, and admissions on file, designate facts showing that there is a genuine issue for trial. *Id.* at 324, 106 S.Ct. at 2553.

### A. Motions filed by J.B. Hunt and James N. Tolar

J.B. Hunt and Tolar have filed both a motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6) and a motion for summary judgment. In the motions, they assert that plaintiff's claims are barred by the Pennsylvania Workmen's Compensation Act, 77 Pa.Stat.Ann. § 1, *et seq.* (the "WCA"). Plaintiff responds that there is an exception under the WCA for intentional torts committed by his employer or co-employee.

Although J.B. Hunt and Tolar have suggested that Texas, rather than Pennsylvania, law should apply, they assert that the workmen's compensation statutes in both Texas and Pennsylvania contain similar exclusivity provisions. Therefore, there is no need to address the conflicts of law issue.

Section 303(a) (the "exclusivity provision") of the WCA establishes that "[t]he liability of an employer under this act shall be exclusive and in place of any and all other liability to such employees." 77 Pa.Stat.Ann. § 481(a). In *Poyser v. Newman & Co.*, 514 Pa. 32, 522 A.2d 548, 550 (1987), the Pennsylvania Supreme Court definitively held that the intentional tort exception to the exclusivity provision, to the extent that it was ever alive in Pennsylvania, was now dead. The court explained and reaffirmed this holding in *Barber v. Pittsburgh Corning Corp.*, 521 Pa. 29, 555 A.2d 766, 770 (1989) ("In this Court's decision in *Poyser, supra,* we expressly held ... that there was no intentional tort exception to the exclusivity provision of the WCA"). This court recently applied the *Poyser* case in *Stylianoudis v. Westinghouse Credit Corp.*, 785 F.Supp. 530 (W.D.Pa.1992). Therefore, plaintiff cannot maintain his case against his employer, J.B. Hunt, based upon an intentional tort exception to the WCA. J.B. Hunt's motion will be granted.

Whether plaintiff can maintain this action against his fellow employee, James N. Tolar, requires a slightly different analysis, however. The exclusivity provision of the WCA relates to employers' liability. Liability of co-employees must be analyzed under section 205 of the WCA, 77 Pa.Stat.Ann. § 72. This section provides:

If disability or death is compensable under this act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring while such person was in the same employ as the person disabled or killed, *except for intentional wrong.*

77 Pa.Stat.Ann. § 72 (emphasis added).

Plaintiff asserts that Tolar committed an intentional wrong by speeding and tailgating in a hazardous construction zone. "This act by Tolar, as a Professional Truck Driver, and Trainer was an intentional act of an unreasonable character in disregard of a risk known and so obvious that it must have been known, and so great as to make it highly probable harm would follow." Plaintiff's brief in opposition to motion for summary judgment at 4.

■ In determining whether an allegedly intentional tort will give rise to a cause of action against a co-worker under section 205 of the WCA, Pennsylvania courts examine whether the alleged "intentional wrong" is one that is not normally expected to be present in the workplace. *McGinn v. Valloti*, 363 Pa.Super 88, 525 A.2d 732, 735 (1987), *appeal denied*, 517 Pa. 618, 538 A.2d 500 (1988). For example, an employee does not normally expect a physical assault or infliction of emotional distress on the job. Therefore, these intentional torts are actionable. *Id.* In contrast, an employee might expect the workplace itself to be unsafe as a result of knowing neglect of safety regulations. Intentional torts such as that are not actionable. *Id.*

Plaintiff's allegations against defendant Tolar do not rise to the level of an intentional wrong within the meaning of section 205. Plaintiff was a truck driver. Speeding, tailgating, construction zones, unskilled drivers, poor weather conditions and delivery deadlines are conditions which plaintiff might expect to find in the course of such employment. Because the actions alleged do not constitute an intentional wrong within the meaning of section 205 of the WCA, plaintiff cannot maintain his case against Tolar.

B. *Motion Filed by Fidelity & Casualty Co. of New York*

Fidelity has also filed a motion for summary judgment, arguing that it cannot be liable to plaintiff because Fidelity was not J.B. Hunt's insurance carrier at the time of the accident. In support of the motion, Fidelity has submitted an affidavit from James C. Evans, the assistant vice president and manager of Continental Insurance Co. Mr. Evans, who is familiar with Fidelity's procedures, practices, and documents, avers that Protective Insurance Company, not Fidelity, was J.B. Hunt's insurance carrier at the relevant time.

Because J.B. Hunt's motion for summary judgment will be granted, Fidelity's arguments are immaterial. Even if it were J.B. Hunt's insurance carrier at the relevant time, Fidelity cannot be held liable if J.B. Hunt is not liable. Fidelity's motion will be granted.

C. *Motion Filed by Sears, Roebuck & Co.*

■ Plaintiff named Sears as a defendant in this case because he believed J.B. Hunt was hauling a load for Sears at the time of the accident. Sears seeks summary judgment and submits an affidavit which indicates the opposite. Paul R. Bergant, the Executive Vice President, Marketing and General Counsel of J.B. Hunt, avers that "the 1988 International tractor trailer allegedly involved in an accident on September 8, 1989, on interstate 80 in Butler County, Pennsylvania, was at said time hauling a load of paper towels for Scott Paper Company...." Sears thus has presented evidence negating plaintiff's claim against it.

Plaintiff fails to present any evidence which raises a factual question regarding the ownership of the load. Sears' motion will be granted.

II. Motions to Dismiss

Defendants Romano & Romano and Penn DOT each moved to dismiss plaintiff's allegations against them. In the context of

motions to dismiss, the court will not consider matters outside the pleadings, except to the extent that affidavits and other material have been submitted regarding personal jurisdiction. *Patterson v. Federal Bureau of Investigation,* 893 F.2d 595, 603–04 (3d Cir.1990).

### A. *Motion Filed by Romano & Romano*

▮ Plaintiff apparently filed suit against the law firm of Romano & Romano (incorrectly identified as "Roman & Roman" in the complaint) because that firm formerly represented defendant Amira Zodi Tirdad. Romano & Romano argues that this action should be dismissed pursuant to Fed.R.Civ.P. 12(b)(2) because the court lacks personal jurisdiction.

▮ Pennsylvania courts may exercise personal jurisdiction over non-resident defendants to the limits of the due process clause of the Fourteenth Amendment. 42 Pa.C.S.A. § 5322(b); *North Penn Gas Co. v. Corning Natural Gas Corp.,* 897 F.2d 687, 689–90 (3d Cir.) *(per curiam ),* cert. *denied,* —— U.S. ——, 111 S.Ct. 133, 112 L.Ed.2d 101 (1990). Essentially, non-resident defendants may be sued if they have "minimum contacts" with the forum state. *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In each case, there must be "some act by which the defendant purposely avails itself of the privilege of conducting business within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). The key inquiry is whether "the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

Romano & Romano claims that it simply has no contacts with the Commonwealth of Pennsylvania. It is an Oklahoma law firm whose sole business location is in Oklahoma City, Oklahoma. The firm has no attorneys who are licensed to practice law in Pennsylvania. Further, the law firm does not conduct business in Pennsylvania. *See* Affidavit of Rick E. Romano.

Plaintiff has submitted no evidence to contradict these allegations. Therefore, the evidence reveals that Romano & Romano lacks sufficient minimum contacts with this forum "such that maintenance of this suit would not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Romano & Romano will be dismissed from this case.

### B. *Motion Filed by Pennsylvania Department of Transportation*

▮ Finally, Penn DOT argues that as an agent of the state it is not subject to the jurisdiction of this court due to its immunity from suit in federal court under the Eleventh Amendment.

The Eleventh Amendment provides:

The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

"It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984). Penn DOT has been held to be an agent of the state. *Goad v. Pennsylvania Department of Transportation,* 530 F.Supp. 342, 344 (W.D.Pa.1981) (Penn DOT is the alter ego of the state and is, therefore, immune from suit under the Eleventh Amendment). Therefore, Penn DOT's motion will be granted.