J-A10032-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SENETHAVISAY PHANSACKDY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| REILLY FOAM CORPORATION | : | |
| | : | |
| Appellee | : | No. 2713 EDA 2018 |

Appeal from the Order Dated July 26, 2018
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2017-19519

BEFORE: GANTMAN, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.E.: **FILED MAY 20, 2019**

Appellant, Senethavisay Phansackdy, appeals from the order entered in the Montgomery County Court of Common Pleas, which granted the motion of Appellee, Reilly Foam Corporation, for judgment on the pleadings. We affirm.

In its opinion, the trial court accurately set forth the relevant facts and procedural history of this case. Therefore, we have no reason to restate them.

Appellant raises one issue for our review:

> WHETHER THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW BY GRANTING [APPELLEE'S] MOTION FOR JUDGMENT ON THE PLEADINGS DESPITE [APPELLANT'S] ASSERTION THAT [APPELLEE] FLAGRANTLY AND INTENTIONALLY ALTERED MANUFACTURING EQUIPMENT TO INCREASE PRODUCTION AT THE EXPENSE OF WORKER SAFETY, AND PROVIDED NO TRAINING OR SAFETY INSTRUCTION TO WORKERS ASSIGNED TO WORK ON THE ALTERED AND DANGEROUS MACHINERY THEREBY ASSURING THAT A SERIOUS INJURY WAS LIKELY TO OCCUR, WHICH CONDUCT FAR EXCEEDS THE SCOPE AND

> INTENT OF THE PENNSYLVANIA WORKERS' COMPENSATION ACT AS DETERMINED BY THE SUPREME COURT OF PENNSYLVANIA, AND MUST QUALIFY FOR THE INTENTIONAL TORT EXCEPTION TO EMPLOYER IMMUNITY REGARDLESS OF WHETHER [APPELLANT'S] INJURY IS AN AGGRAVATION OF A PRIOR WORK INJURY OR A NEWLY SUSTAINED INJURY.

(Appellant's Brief at 3-4).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Gail Weilheimer, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (**See** Trial Court Opinion, filed December 17, 2018, at 3-7) (finding: Appellant's claims against her employer are barred by exclusivity provision of Pennsylvania Workers' Compensation Act ("WCA"); exclusivity provision of WCA does not contain exception for intentional torts; Appellant's complaint sets forth that Appellee's conduct was intentional with knowledge that injury suffered by Appellant was likely to result from removal of safety interlock on piece of machinery; nevertheless, exclusivity is triggered where cause of action arises from employee who sustained injury while engaged in furtherance of business or affairs of employer; Appellant's claim of fraudulent misrepresentation also fails to pierce exclusivity provision of WCA because Appellant failed to aver that incident at issue aggravated any pre-existing condition). Accordingly, we affirm on the basis of the trial court's opinion.

Order affirmed.

J-A10032-19

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/20/19

Case# 2017-19519-30 Docketed at Montgomery County Prothonotary on 12/17/2018 3:38 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
## CIVIL DIVISION

SENETHAVISAY PHANSACKDY ：        Common Pleas Court No:
：            2017-19519
：
v. ：
：        Superior Court No:
REILLY FOAM CORPORATION ：        2713 EDA 2018

## O P I N I O N

**WEILHEIMER, J.**                                       December 17, 2018

The underlying Plaintiff/Employee, Senethavisay Phansackdy, instantly appeals to the Superior Court of Pennsylvania ("Superior Court") from the July 26, 2018 Order entered by this Court of Common Pleas of Montgomery County ("trial court"), granting Defendant's May 1, 2018 "Motion for Judgment on the Pleadings."(*See* Order, 7/26/18 (#18).) For the reasons that follow, said trial court Order should be affirmed.

## FACTUAL & PROCEDURAL HISTORY

The instant matter commenced on December 21, 2016[1] when Plaintiff/Employee, Senethavisay Phansackdy ("Appellant"), filed Complaint in Civil Action alleging products liability, battery and fraudulent misrepresentation against her employer, Defendant/Employer Reilly Foam Corporation ("Appellee"). (*See* Complaint, 8/2/2017 (#0).)

The underlying facts which resulted in the instant civil action occurred on May 6, 2015, in Eagleville, Montgomery County, Pennsylvania. (*Id.*) Appellant alleged that her right hand was crushed while she was operating machinery at the Reilly Foam facility. (*Id.* at ¶ 10.) At the time of her accident, Appellant was working in the course of her employment. (*Id.*)

After the relevant pleadings closed, Appellee filed its motion for judgment on the pleadings on May 1, 2018. (*See* "Motion for Judgment on the Pleadings", 5/1/18 (#11).) On May 30, 3018, Appellant

---

[1] Appellant originally filed her Complaint in Philadelphia County. On June 13, 2017, the Philadelphia Court entered an Order transferring this matter to Montgomery County Court of Common Pleas.

replied to said motion. (*See* Appellant's Response, 5/30/18 (#14).) Subsequently on July 26, 2018, the trial court granted Appellee's motion. (*See* Order, 7/26/18 (#18).)

On August 6, 2018, Appellant filed its motion for reconsideration of said July 26, 2018 Order. (Motion for Reconsideration, 8/6/18 (#19).) The trial court scheduled oral argument on Appellant's Motion for Reconsideration. (*See* Order, 8/15/18 (#23).)[2] On August 23, 2018, Appellant filed her timely Notice of Appeal from the trial court's July 26, 2018 Order. (*See* "Notice of Appeal", 8/23/18 (#24).)

The trial court required a clarification of the errors complained of on appeal, and thus, directed Appellant to file a Concise Statement of Issues Complained of on Appeal, within twenty-one (21) days, in accordance with Pa. R.A.P. 1925(b). (*See* Order 9/7/18, (#26).)

On September 27, 2018, Appellant filed her Concise Statement of Issues Complained of on Appeal in wherein Appellant raised nine (9) issues. The legal issues named on appeal can be summarized as follows:

1. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW IN GRANTING APPELLEE'S MOTION FOR JUDGMENT ON THE PLEADINGS

2. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW IN DETERMINING THAT APPELLANT'S CLAIM THAT SHE WAS INJURED AS A RESULT OF INTENTIONAL TORT AND FRAUDULENT MISREPRESENTATION COMMITTED BY HER EMPLOYER IS PRECLUDED BY THE EXCLUSIVITY PROVISION OF THE PENNSYLVANIA WORKERS' COMPENSATION ACT

3. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW IN DETERMINING THAT APPELLANT'S CLAIM THAT SHE WAS INJURED AS A RESULT OF INTENTIONAL TORT AND FRAUDULENT MISREPRESENTATION COMMITTED BY HER EMPLOYER IS PRECLUDED BECAUSE SHE DID NOT SUSTAIN AN AGGRAVATION OF A PRE-EXISTING CONDITION

4. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW BY FAILING TO ACKNOWLEDGE THAT COURTS IN OTHER JURISDICTIONS AROUND THE COUNTRY

[2] The trial court subsequently cancelled oral argument after receiving notice of appeal. (*See* Order, 8/29/18 (#25).)

2

HAVE HELD THAT INTENTIONAL ACTS ARE NO SUBJECT TO THE EXCLUSIVITY PROVISIONS UNDER WORKERS COMPENSATION

(Appellant's Concise Statement, 9/27/18 (#28).)

## DISCUSSION

### I. STANDARD OF REVIEW

The scope and standard of review in appeals of a grant or denial of a motion for judgment on the pleadings is well settled. The Superior Court applies the same standard as the trial court and confines its consideration to the pleadings and documents properly attached thereto. *Okeke-Henry v. Sw. Airlines, Co.*, 163 A.3d 1014, 1017 (Pa. Super. 2017) (citations and quotation marks omitted). The Court will review to determine whether the trial court's action respecting the motion for judgment on the pleadings was based on a clear error of law or whether there were facts disclosed by the pleadings which should properly go to the jury. (*Id.*)

The Court will affirm the grant of judgment on the pleadings if the moving party's right to succeed is certain and the case is so free from doubt that trial would clearly be a fruitless exercise. *Municipality of Mt. Lebanon v. Reliance Ins. Co.*, 778 A.2d 1228, 1231 (Pa.Super.2001) (citations and quotation marks omitted).

### II. THE TRIAL COURT DID NOT ERR AS A MATTER OF LAW WHEN IT GRANTED APPELLEE'S MOTION FOR JUDGMENT ON THE PLEADINGS

Entry of judgment on the pleadings is permitted under Pennsylvania Rules of Civil Procedure 1034, which provides for such judgment after the pleadings are closed, but within such time as not to delay trial. A motion for judgment on the pleadings is similar to a demurrer. *See Kelly v. Hazelton Gen. Hosp.*, 837 A.2d, 490, 493 (Pa.Super. 2003).

It may be entered where there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law. In determining if there is a dispute as to facts, the court must confine its consideration to the pleadings and relevant documents. *Cole v. Lawrence*, 701 A.2d 987, 988

3

(Pa.Super.1997); **see also Pa.R.C.P. 1017** (stating "pleadings' are limited to: (1) a complaint and an answer thereto; (2) a reply if the answer contains new matter, a counterclaim or a cross-claim; (3) a counter-reply if the reply to a counterclaim or cross-claim new matter; (4) a preliminary objection and a response thereto.") The trial court found that, assuming all facts averred in the pleadings are true; the law precludes recovery from Appellee as Appellant fails to state a claim for which relief may be granted.

### A. Appellant's Claims are Barred by the Exclusivity Provision of the Workers' Compensation Act

The trial court granted Appellee's motion finding that Appellant's claims against her employer were barred by the exclusivity provision of 77 P.S. § 481, which provides that the Pennsylvania Workers' Compensation Act ("the Act") is the employee's exclusive remedy against her employer for injuries sustained in the course of employment.

Under the Act, employers are generally immune from suit by their employees regarding work related injuries. *Id.* The Pennsylvania Legislature adopted said Act to balance competing policy interests between workers and industry. The Legislature ordered employers to provide compensation to injured employees regardless of fault pursuant to 77 P.S. § 501, and in exchange they are vested with two important rights: exclusivity and immunity from suit pursuant to 77 P.S. § 481. *Thompson v. Workers' Comp. Appeal Bd. (USF&G Co.)*, 781 A.2d 1146, (Pa. 2001).

The Act provides the following definitions regarding "exclusivity" of remedy regarding the employer and "injury."

**Exclusiveness of remedy; actions by and against third party; contract indemnifying third party**

The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes (sic) ... in any action at law or otherwise on account of any injury or death....

**77 P.S. § 481(a).**

**"Injury," "personal injury," and "injury arising in the course of his employment" defined**

Case# 2017-19519-30 Docketed at Montgomery County Prothonotary on 12/17/2018 3:38 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

The terms "injury" and "personal injury," as used in this act, shall be construed to mean an injury to an employe (sic), regardless of his previous physical condition, arising in the course of his employment and related thereto.... The term "injury arising in the course of his employment," as used in this article, ... shall include all other injuries sustained while the employe (sic) is actually engaged in the furtherance of the business or affairs of the employer....

**77 P.S. § 411(1).**

"As the above statutory language reflect[s], the focus of the exclusivity provision of the Act is to limit the liability of an employer on account of injury arising in the course of the employee's employment with the employer. In other words, the exclusivity is triggered if, when the cause of action arises, the plaintiff was an employee who 'sustained' 'injury' while 'actually engaged in furtherance of the business or affairs of the employer.'" *Minto v. J.B. Hunt Transp., Inc.,* 9̶7̶1̶ A.2d 1280, 1284 (Pa. Super. 2009).

The Act bars actions in tort by an employee against her employer, with certain limited exceptions. *Hershey v. Ninety-Five Assoc.,* 604 A.2d 1068, 1069 (Pa.Super. 1992). Pennsylvania courts have been extremely reluctant to grant Workers' Compensation exceptions, *See e.g., Kuney v. PMA Insurance Co.,* 525 Pa. 171, 578 A.2d 1285, 1286 (Pa. 1990) (immunity from tort action extends to worker's compensation insurer despite its alleged fraudulent and deceitful conduct to deprive injured employees of their worker's compensation benefits) and *Shaffer v. Procter & Gamble,* 604 A.2d 289 (Pa. Super.1992) (Workers' Compensation Act precluded intentional infliction of emotional distress claim based on employer's harassment of injured employee in connection with treating the work-related injury).

Moreover, in *Poyser v. Newman & Co., Inc.,* the Pennsylvania Supreme Court determined the plaintiff's intentional torts claims against her employer were barred by Section 481. 522 A.2d 548 (Pa. 1987). In the *Poysner* complaint, the plaintiff claims that he was injured by machinery after his employer ordered certain saftey devices to be removed. *Id.* at 549. The Court upheld the dismissal of plaintiff's claims because the exclusivity provision of the Workers' Compensation Act did not include an exception for intentional torts. *Id.* at 551. In doing so, the Court reinforced that the Act was the exclusive remedy from his employer for "any work-related injury". *Id.* at 550.

5

Similarly to the plaintiff in *Poysner*, Appellant's Complaint sets for the material facts, when viewed as true, that Appellee's conduct was intentionally done with knowledge that the injury suffered by Appellant was likely to result from the removal of the safety interlock on the aforesaid machinery. (*See* Complaint, 8/2/2017 (#0).) Nevertheless, exclusivity is triggered because the cause of action arises from an employee who "sustained" "injury" while "actually engaged in furtherance of the business or affairs of the employer" as Appellant admits that the subject incident occurred while she was acting within the course and scope of her employment. (*Id.* at ¶ 10.)

Appellant's claim for fraudulent misrepresentation also fails to pierce the exclusivity provision. Where an employee can demonstrate (1) fraudulent misrepresentation, which (2) leads to the aggravation of an employee's pre-existing condition, he may proceed against an employer in a common law fraudulent misrepresentation action, outside of the Workers' Compensation Act. 77 **P.S. § 481(a)**; *see e.g., Wendler v. Design Decorators, Inc.*, 768 A.2d 1172 (Pa. Super. 2001)( holding that both fraud and delay leading to the exacerbation of a work-related injury must be present to remove a claim from the exclusivity provision of Workers' Compensation Act, was not applicable, and thus, exclusivity provision barred wrongful death and survival action brought by administratrix of estate of employee, who suffered fatal injuries in course of employment; administratrix was not seeking relief for an aggravation of employee's work injury.)

In *Martin v. Lancaster Battery Co. Inc., et al.*, the Pennsylvania Supreme Court held that where an employee alleges fraudulent misrepresentation on the part of the employer *which caused an aggravation of a work-related injury*, the employee is not barred from pursuing a common law claim against the employer. *Martin*, 606 A.2d 444, ¶¶ (Pa. 1992) (emphasis added).

The employer in *Martin* was charged with the responsibility of monitoring the level of lead in the employee's blood. The employer intentionally withheld and altered Martin's blood test results, causing aggravation of Martin's injury and resulting in his common law claim against Lancaster Battery.

6

Appellant failed to make any averments that the subject incident aggravated a pre-existing condition.

Thus, pursuant to Exclusivity Provision of the Workers' Compensation Act, the law precludes recovery

and, as such, Appellant fails to state a claim for which relief may be granted.

## CONCLUSION

Wherefore the reasons stated above, the trial court's July 26, 2018 Order is proper and should be

affirmed.

BY THE COURT:

GAIL A. WEILHEIMER,                    J.

**Copies sent on December  ⎤  , 2018, to:**
Superior Court Prothonotary
Court Administration – Civil Division
Plaintiff Counsel, Brian M. Ferris, Esq.
Defense Counsel, David R. Bronstein, Esq.

7