526 A.2d 798

Olive M. BLOUSE and Allen L. Blouse, Peggy A. Fulton and William L. Fulton, Sandra M. Alloway and Arthur L. Alloway, Appellants,

v.

SUPERIOR MOLD BUILDERS, INC., Appellee.

Superior Court of Pennsylvania.

Argued Feb. 19, 1987.

Filed June 3, 1987.

William H. Poole, Jr., York, for appellants.

Joseph C. Phillips, Harrisburg, for appellee.

Before WIEAND, OLSZEWSKI and TAMILIA, JJ.

WIEAND, Judge:

Olive Blouse, Peggy Fulton and Sandra Alloway commenced a common law tort action against their employer, Superior Mold Builders, Inc., for injuries which they allegedly had sustained as a result of exposure to toxic chemicals routinely used in the course of their employment.[1] They alleged that their employer had intentionally caused their injuries by failing to warn them of known dangers inherent in the chemicals, by removing warning labels from the containers in which the chemicals had been stored, and by assuring them that the chemicals were safe for use. The employer filed preliminary objections in the nature of a demurrer to the complaint and raising a question of jurisdiction. He asserted therein that the employees' exclusive remedy was under the Pennsylvania Workmen's Compensation Act,[2] which barred common law tort actions for injuries arising in the course of employment. The trial court agreed, granted the preliminary objections, and dismissed the complaint. The employees appealed.

There is but a single issue presented in this appeal: whether the Workmen's Compensation Act provides the

1. Also named as plaintiffs were the husbands of the plaintiff-employees. Each husband asserted a derivative claim for loss of his wife's consortium.

2. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 1 et seq.

exclusive remedy for injuries sustained by employees in the course of their employment if the injury is a result of intentional wrongdoing by the employer. We conclude that the employees' sole remedy is under the Workmen's Compensation Act. Therefore, we affirm the order of the trial court which sustained the employer's preliminary objections and dismissed the complaint.

The Pennsylvania Workmen's Compensation Act was enacted "to protect employees and their families by insuring quick and certain payment for work-related injuries without having to resort to the courts." *Wagner v. National Indemnity Co.*, 492 Pa. 154, 161–162, 422 A.2d 1061, 1065 (1980) (plurality opinion). Where applicable, the Act deprives common pleas courts of subject matter jurisdiction over common law tort actions which seek recovery against employers for work-related injuries. *LeFlar v. Gulf Creek Industrial Park # 2*, 511 Pa. 574, 580, 515 A.2d 875, 879 (1986).

The Act specifically delineates the scope of its coverage. Section 301(a) of the Act provides:

> Every employer shall be liable for compensation for personal injury to, or for the death of each employe, by an injury in the course of his employment, and such compensation shall be paid in all cases by the employer, without regard to negligence....

77 P.S. § 431. According to Section 301(c),

> The term "injury arising in the course of his employment," as used in this article, shall not include an injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employe or because of his employment; *but shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer* ....

77 P.S. § 411(1) (emphasis added).

With respect to injuries which fall within the purview of the Act, Section 303(a) states:

(a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) or occupational disease as defined in section 108.

77 P.S. § 481(a) (footnotes omitted). "Section 303(a) is a version of the historical *quid pro quo* that employers received in return for being subjected to a statutory, nofault system of compensation for worker injuries. Pursuant to its terms, an employer is given immunity from lawsuits by employees for any 'injury' defined as such by section 301(c) of the Act." *Poyser v. Newman & Co., Inc.*, 514 Pa. 32, 36, 522 A.2d 548, 550–51 (1987). See: *Wagner v. National Indemnity Co., supra,* 492 Pa. at 162, 422 A.2d at 1065. See also: *Kline v. Arden H. Verner Co.*, 503 Pa. 251, 256, 469 A.2d 158, 160 (1983).

In *Poyser v. Newman & Co., Inc., supra,* the plaintiff-employee sustained an injury to his little finger when, during the course of his employment, his hand came into contact with the rotating blade of a "notching" machine. As a result of the injury, he commenced a civil action against his employer in which he alleged, inter alia, that the injury had been caused by an intentional act of the employer. Specifically, it was asserted that, although the employer had been aware of the danger posed by the notching machine, the employer deliberately forbade its employees from attaching a safety device to the machine which would have reduced the risk of injury. By so doing, the employee contended, the employer willfully disregarded governmental safety regulations requiring the use of the safety device. The employer filed an answer containing new matter in which it was alleged that the injuries sustained by the employee were covered by the Workmen's Compensation Act and that the employee's action, therefore, was barred by Section 303(a) of the Act. After the pleadings had been closed, the employer moved for judgment on the pleadings

on the ground that the employee's action was barred by the Workmen's Compensation Act. The trial court granted the motion and entered judgment for the employer. A panel of the Superior Court affirmed. On allocatur to the Supreme Court, the sole issue was "whether [the employee's assertion] that his injury was caused by deliberate derelictions of the employer, operated to take the personal injury action out of the exclusivity provision ... of the Act." *Id.*, 514 Pa. at 34, 522 A.2d at 549. In deciding this issue in the negative, the Supreme Court observed that "[t]here is no Pennsylvania judicial authority supportive of the result the employee seeks." *Id.*, 514 Pa. at 37, 522 A.2d at 551. Moreover, the Court observed, there is no provision in the Workmen's Compensation Act which expressly preserves the right of an employee to sue in tort if his or her injury is caused by an employer's intentional wrongdoing. *Id.*, 514 Pa. at 37–38, 522 A.2d at 551. In response to the employee's contention that an intentional act by the employer should preclude the latter's assertion of immunity in a common law tort action, Chief Justice Nix, writing for the majority, said the following:

The [employee's] argument is an interesting one; but it is one that must be resolved by the General Assembly, not this Court. What he is asking us to do is to engraft upon section 303(a) of the Act an exception the legislature did not see fit to put there. A reading of the Act will disclose that the legislature was not unmindful of the issue of intentionally caused harm. For example, in section 301(c)(1), 77 P.S. § 411(1), it is provided that "an injury caused by an act of a third person *intended* to injure the employe because of reasons personal to him ..." does not fall within the statutory definition of a covered injury. (Emphasis added). And, under section 205, 77 P.S. § 72, which immunizes an employee from tort actions for harm caused to a fellow employee, an exception is expressly made for the *intentional* infliction of harm. Since it is clear that the legislature had the issue of intentional harm in mind, and yet did not mention it in connection with section 303(a), we are constrained to

conclude that the legislature did not intend the result for which the [employee] argues.

*Id.,* 514 Pa. at 38, 522 A.2d at 551 (emphasis in original). The Supreme Court held, therefore, that the employee's action was barred by the exclusivity provision contained in the Act, and it affirmed the order of the Superior Court which had upheld the entry of judgment on the pleadings in favor of the employer. To the same effect, see *Higgins v. Clearing Machine Corp.,* 344 Pa.Super. 325, 496 A.2d 818 (1985). Cf. *Rosipal v. Montgomery Ward,* 360 Pa.Super. 570, 521 A.2d 49 (1987).[3]

*Poyser* is controlling of the instant case. As that decision makes clear, where employees sustain injuries during the course of employment as a result of an alleged intentional wrongdoing by their employer, the employees' exclusive remedy is under the Workmen's Compensation Act; a civil action in tort for the same injuries will not lie. The trial court correctly granted the employer's preliminary objections and dismissed the employees' complaint.

Order affirmed.

---

**3.** To the extent that *Jones v. P.M.A. Insurance Co.,* 343 Pa.Super. 411, 495 A.2d 203 (1985) suggests a contrary result, it has been overruled sub silentio by the Supreme Court in *Poyser.*