**Antonio RANALLI, Appellee**

v.

**ROHM AND HAAS COMPANY,
Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 27, 2009.
Filed Sept. 8, 2009.
Reargument Denied Nov. 10, 2009.

Carl A. Solano, Philadelphia, for appellant.

Aaron J. Freiwald, Philadelphia, for appellee.

BEFORE: KLEIN, SHOGAN, JJ. and McEWEN, P.J.E.

Opinion by KLEIN, J.:

¶ 1 Rohm and Haas Company appeals from the trial court order denying preliminary objections [1] on the grounds that all of the claims against it are barred by the exclusivity provisions of the Workers' Compensation Act, ("Act"), 77 P.S. § 481(a), and the Occupational Disease Act ("ODA"). 77 P.S. § 1208. Antonio Ranalli filed a wrongful death action against Rohm and Haas for damages resulting from the death of his wife, Olivia Ranalli,[2] who died of a brain tumor in 2007. Ranalli claimed his wife's brain tumor, diagnosed in 2006, was a result of her exposure to vinyl chloride when working for Rohm and Haas, and that the exposure occurred when visiting Rohm and Haas's research facility in Spring House between 1974 and 1980. Rohm and Haas filed preliminary objections claiming suit was barred under the exclusivity provision of the Act. Ranalli argued that the workers' compensation bar does not apply and Rohm and Haas is not immune from civil action because: (a) the Workers' Compensation Act expressly excludes from its definition of "injury" occupational diseases manifesting more than 300 weeks after last date of workplace exposure, and since the exclusivity provision does not bar a common law action against an employer for an injury which is noncompensable under the Act, the civil action is not barred; and (b) Rohm and Haas was "fraudulent" in not revealing studies that showed the dangers of vinyl chloride.

¶ 2 The trial court denied the preliminary objections. On appeal Rohm and Haas argues that the Act provides the exclusive remedy, and that the defense of the statute of repose of 300 weeks is merely a trade-off made when granting recovery against an employer for allowing recovery for work-related injury without a showing of negligence. Rohm and Haas claims even fraud or intentional torts are barred, and moreover, Ranalli has failed to state a cause of action for fraudulent concealment. Essentially, Ranalli seeks a remedy because neither the Workers' Compensation Act nor the Occupational Disease Act provides one. We agree with Rohm and Haas that Ranalli's attempt to plead around the worker's compensation bar fails and therefore we reverse the order denying preliminary objections and

---

1. On April 4, 2008, this Court granted Rohm and Haas's petition for review of this interlocutory order.

2. The suit was brought by Olivia Ranalli's husband, individually and as administrator of the decedent's estate.

direct the trial court to enter judgment for Rohm and Haas.

¶ 3 This specific issue is one of first impression in the appellate courts of Pennsylvania, although Pennsylvania trial courts have held that the workers' compensation bar applies and suits against employers in such circumstances have been rare for the past several decades.

¶ 4 As noted by Rohm and Haas, the Act was a compromise to provide workers recovery without any fault on the part of the employers while relieving employers of some of the damages in a traditional common law action. The practical effect of the compromise is the limitation or prohibition of certain recoveries for various occupational injuries and diseases. The major trade-off for granting liability without fault on the part of employer was the elimination of recovery for pain and suffering. Also critical, however, were time limitations, which is at issue in this case.

¶ 5 "[T]he purpose of the limitations period is to limit compensation for occupational diseases to those which manifest themselves within three hundred weeks of exposure to a hazard." *Cable v. WCAB (Gulf Oil/Chevron USA, Inc.)*, 541 Pa. 611, 615, 664 A.2d 1349, 1351(995). The legislature intended that this limitation protect employers from strict liability for stale claims and "prevent speculation over whether a disease is work-related years after an exposure occurred." *Sporio v. W.C.A.B. (Songer Const.)*, 553 Pa.44, 50, 717 A.2d 525, 528 (Pa.1998). The issue then becomes whether there is any constitutional guarantee of recovery under the statute when in some cases a time limitation will preclude recovery. We hold that there is not.

¶ 6 We believe that this issue is governed by *Kline v. Arden H. Verner Co.*, 503 Pa. 251, 469 A.2d 158 (Pa.1983). *Kline* stands for the principle that even if a plaintiff cannot recover under the Act, this is permissible since the Act grants some benefits which would be otherwise unavailable and as a "trade off" denies other benefits. In other words, it is *not* the law that simply because an employee is unable to recover under the Act, the employee may file a civil action in tort against the employer.

¶ 7 In *Kline*, the injured employee, who suffered pelvic injuries after falling from a ladder, recovered some benefits but was not able to recover under the Act for impotence. The Supreme Court held that the employee was precluded from maintaining a civil action against the employer. *Kline*, 503 Pa. at 253, 469 A.2d at 159. The worker's compensation bar prevented recovery even though this was not a compensable injury under the Act. The Supreme Court said:

> To change, alter or abolish a remedy lies within the wisdom and power of the legislature and in some instances, the courts. Access to a tribunal is not denied when the tribunal has no jurisdiction to entertain either the claim or the remedy.... The workmen's compensation law has deprived some of rights in exchange for surer benefits, immunized some, to make possible resources to benefit many, who were heretofore without possible or practical remedies.

503 Pa. at 255, 469 A.2d at 160. *See also Selected Risks Ins. Co. v. Thompson*, 520 Pa. 130, 142–143, 552 A.2d 1382, 1388 (Pa. 1989) (workers' compensation "only covers a fraction of what tort damages would cover (e.g., workers' compensation does not provide 100% of wage loss coverage, nor pain and suffering, nor other consequential damages.)"). We are guided by the language of the highly respected late Philadelphia Common Pleas Court judge, the Honorable Harry Takiff, who discussed this issue over twenty years ago in *Anastasi v. Pacor*, 1982 WL 290319, 7 Phila.Co.Rptr. 488 (1982), and said:

Nowhere in this provision [barring lawsuits filed more than one year after the last employment] is the legislature authorized to enact a law which vitiates an existing common law remedy without concurrently providing for some statutory remedy. As the Supreme Court noted in [*Dolan v. Linton's Lunch*, 397 Pa. 114, 152 A.2d 887 (1959)]: "It is only because of Article 3, Section 21 and the agreement of the parties, that the limited recovery in a Workmen's Compensation case is valid." *Anderson v. Carnegie Steel Co.*, 255 Pa. 33, 99 Atl. 215 (1916). Similar reasoning convinces us of the constitutionality of the provision plaintiff challenges here.

*Id.* at 497.

¶ 8 The same principle applies here to the statute of repose. Simply because the injury is not compensable under the Act by virtue of a time limitation does not mean the workers' compensation bar may be overlooked. Application of the provisions of the Act does not deny access to the courts, rather it limits recovery as contemplated by the legislative scheme.

¶ 9 Additionally, Ranalli's reliance on *Greer v. United States Steel Corp.*, 475 Pa. 448, 380 A.2d 1221 (1977), is misplaced. There, our Supreme Court held that plaintiff's disease was not an "occupational disease" under the ODA, and therefore plaintiff retained a right to sue at common law. *Id.* at 452, 380 A.2d at 1222–23. The Court concluded there can be recovery in tort "for a disease which is not a disease for which compensation recovery can be had" under the ODA. *Id.* at 452, 380 A.2d at 1223. As Rohm and Haas points out, the vinyl-chloride-related illness plaintiff specifically alleged that Mrs. Ranalli incurred at Rohm and Haas *is* within the definition of an occupational disease for which recovery can be had under Section 108 of the Act. Amended Complaint, ¶ 12. The time limitation, however, bars recovery under the Act. There are practical limits to the amounts of benefits employers and the public can provide. "This limit must be established by the Legislature possessed of all the facts, not by a court deciding one case, however unfortunate." *Bethlehem Steel Co. v. Gray*, 4 Pa.Cmwlth. 590, 288 A.2d 828, 829–30 (1972). Because of the provisions of the Workers' Compensation Act granting compensation without the need to show fault, the "trade off" of limiting the time for suit is not unconstitutional. The time restriction was not established for the purpose of limiting access to the courts, but rather to facilitate the legislature's goal of providing a viable and efficient no-fault system.[3] Amendment, removal or fine-tuning of the statute of repose is for the legislature, not for the courts.

¶ 10 Ranalli also argues that there were sufficient facts pled to support a claim of fraud, which would be outside the scope of the workers compensation bar. That argument fails for two reasons. Generally, even claims of fraud by the employer are barred by the exclusivity provision of the Act. *Kuney v. PMA Ins. Co.*, 525 Pa. 171, 176–177, 578 A.2d 1285, 1287–88 (1990); *Poyser v. Newman & Co., Inc.*, 514 Pa. 32, 522 A.2d 548 (1987). The only exception is where the employer knew its employee had a disease and withheld that information, causing an aggravation of the disease. *Martin v. Lancaster Battery Co.*, 530 Pa. 11, 606 A.2d 444 (1992).

¶ 11 In *Martin*, the Pennsylvania Supreme Court held that where an employee alleges fraud on the part of the employer that caused an aggravation of a

---

3. The American Insurance Association and the Pennsylvania Insurance Federation have each filed *amicus curiae* briefs in support of Rohm and Haas's position.

work-related injury, the employee is not barred from pursuing a common law claim against the employer. An employer is not insulated under the Act for "flagrant misconduct." *Martin*, 606 A.2d at 448. The employer in *Martin* was charged with the responsibility of monitoring the level of lead in the employee's blood. The employer intentionally withheld and altered Martin's blood test results, causing aggravation of Martin's injury and resulting in his common law claim against his employer, Lancaster Battery. Refusing to apply the exclusivity provisions of the Act, the Court reasoned that certain actions amounting to flagrant misconduct were never intended to fall within the protections and immunities of the Act:

> Clearly, when the Legislature enacted the Workmen's Compensation Act in this Commonwealth, it could not have intended to insulate employers from liability for the type of flagrant misconduct at issue herein by limiting liability to coverage provided by the Workmen's Compensation Act. There is a difference between employers who tolerate workplace conditions that will result in a certain number of injuries or illnesses and those who *actively mislead employees already suffering as the victims of workplace hazards,* thereby precluding such employees from limiting their contact with the hazard and from receiving prompt medical attention and care.

*Martin*, 606 A.2d at 447–48 (emphasis added).

¶ 12 That is not the situation here, as Rohm and Haas had no information about any disease that Olivia Ranalli had. Further, the information Ranalli claimed that Rohm and Haas had was an epidemiological study from 2001–04. Amended Complaint, at ¶¶ 28–52. This was long after Mrs. Ranalli's employment ended, so there was no way that Mrs. Ranalli was actively misled into not getting medical treatment. *See Poyser, supra* (allegation that employer caused employee's injuries by willfully disregarding governmental safety *regulations* and deliberately exposing employee to known hazard did not overcome exclusivity provision of Workers' Compensation Act). *See also Alston v. St. Paul Insurance Cos.,* 531 Pa. 261, 612 A.2d 421 (1992) (holding exclusivity provision prohibited tort recovery for intentional wrongdoing of employer); *Blouse v. Superior Mold Builders, Inc.,* 363 Pa.Super. 516, 526 A.2d 798 (1987) (holding that where employer failed to warn employee of toxicity of chemicals, removed warning labels, and assured employee that chemicals were safe, Workers' Compensation Act was exclusive remedy for employee since there is no exception for intentional conduct of employer).

¶ 13 On the facts averred in the complaint, the law is certain that no recovery is possible. Therefore, the order denying the preliminary objections is reversed and the case is remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.