# LeBoon v. Schmidt

C.P. of Bucks County, No. 2011-03392-31.

*Steven Lee LeBoon,* pro se.
*Benjamin A. Post,* for appellee Dr. Richard Schmidt.
*William C. Foster,* for Liberty Mutual.
*Jason G. Benion* and *John W. Dornberger,* for IMX.

WAITE, *J.,* July 21, 2011—This matter comes before

the court on Liberty Mutual Insurance Company ("Liberty Mutual") and IMX Medical Management Services, Inc.'s ("IMX") preliminary objections to Steven Lee LeBoon's ("LeBoon") complaint alleging intentional infliction of emotional distress ("IIED"), negligent infliction of emotional distress ("NIED"), and fraud during the course of LeBoon's worker's compensation claim litigation. While eventually obtaining worker's compensation benefits, LeBoon alleges Liberty Mutual and IMX improperly handled his worker's compensation claim which caused him emotional distress for which he now seeks to recover litigation costs, compensatory damages, and punitive damages.

## BACKGROUND AND PROCEDURAL HISTORY

On May 6, 2009, LeBoon suffered from worked related injuries during his employment with the Alan McIlvain Company ("AMC"). On May 12, 2009, LeBoon, through counsel, filed his worker's compensation claim, which LeBoon asserts was immediately denied despite Liberty Mutual having no medical evidence to substantiate the denial. LeBoon received surgery through his own personal insurance on June 11, 2009. Around that same time, Liberty Mutual requested LeBoon undergo an Independent Medical Examination ("IME"). IMX scheduled the IME which took place on June 19, 2009 with Dr. Richard George Schmidt ("Dr. Schmidt"). LeBoon alleges Dr. Schmidt fraudulently completed a physician's affidavit of recovery ("affidavit") because Dr. Schmidt stated in the affidavit that LeBoon suffered no injury even

though Dr. Schmidt later stated LeBoon did suffer work related injuries and AMC acknowledged LeBoon's work related injury. LeBoon also alleges Dr. Schmidt's notary certified Dr. Schmidt's signature in a county where she did not have authority. Finally, LeBoon accuses Dr. Schmidt of lying under oath at his October 12, 2009 deposition. It is IMX's involvement in setting up the IME with Dr. Schmidt for which LeBoon believes IMX should be liable for IIED, NIED, and fraud.

Worker's compensation hearings were held on July 8, 2009 and October 14, 2009. LeBoon alleges Liberty Mutual withheld evidence from these hearings, resulting in delays. It is these allegations that form the basis of LeBoon's NIED and IIED claims against Liberty Mutual. LeBoon further contends Liberty Mutual delayed payment of a worker's compensation benefits check.[1]

On April 11, 2011, LeBoon filed his pro se complaint against Liberty Mutual, IMX, and Dr. Schmidt. Liberty Mutual responded by filing preliminary objections on the following grounds: the Workers' Compensation Act ("WCA") exclusivity provision applies to Liberty Mutual and grants them the WCA immunity; failure to state a claim for IIED and NIED; insufficient specificity for IIED, NIED, and punitive damages; failure to comply with Pa.R.C.P. 1022; and the claim of punitive damages should be stricken. IMX filed its own preliminary objections asserting that the case be dismissed with prejudice pursuant

---

1. A Compromise and Release Agreement was signed on May 6, 2010 by LeBoon awarding him worker's compensation benefits.

to the exclusivity provision of the WCA; Dr. Schmidt's affidavit and deposition are protected by absolute judicial privilege; failure to state an IIED, NIED, and fraud claim[2]; and insufficient specificity of the complaint as to IMX's involvement in the alleged wrongs.

On July 13, 2011, oral arguments were held and the case was taken under advisement. For the following reasons, we sustain IMX and Liberty Mutual's preliminary objections regarding WCA immunity and dismiss their remaining preliminary objections as moot.

## DISCUSSION

Under Pennsylvania law, an employer's liability is limited to what is available under the WCA. 77 P.S. § 481(a).[3] This exclusivity provision creates immunity for the employer from tort liability for claims arising out of the work related injury. This immunity also applies to injuries allegedly caused by the employer's worker's compensation insurance carrier and insurance carrier's agents' handling of the worker's compensation claim. See *Kuney v. PMA Ins. Co.*, 525 Pa. 171, 174, 578 A.2d 1285, 1286 (1990) (citing 77 P.S. § 501[4] and holding that

---

2. IMX, "in an abundance of caution," presumes LeBoon asserts a fraud cause of action in his complaint due to several uses of the term "fraudulent."

3. "The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) or occupational disease as defined in section 108."

4. 77 P.S. § 501(a)(1) states: "...Such insurer shall assume the employer's liability hereunder and shall be entitled to all of the employer's

[t]he employer's immunity from tort action extends to its workers' compensation insurance carrier, protecting the insurer to the full extent of the employer's protection") and *Alston v. St. Paul Ins. Cos.*, 531 Pa. 261, 266, 612 A.2d 421, 423 (1992) (holding that the exclusivity provisions of the WCA "prohibit a tort action against the agents of the insurance carrier for injuries allegedly caused by their actions in handling the employee's compensation claim" and "also encompasses those individuals or entities who perform or assist in performing the functions of the insurance carrier in handling workmen's compensation claims as agents or employees of the carrier").

LeBoon argues that WCA immunity does not apply for intentionally caused injuries and that even if it did, Liberty Mutual and IMX waived such immunity in the compromise and release agreement from May 6, 2010.[5] While LeBoon propounds plausible arguments in opposition to Liberty Mutual and IMX's preliminary objections, LeBoon's arguments fail as a matter of law.

There is no exception to WCA immunity for intentional torts, including claims of fraud. See *Ranalli v. Rohm & Haas Co.*, 983 A.2d 732, 735 (Pa. Super. 2009) (stating, "[g]enerally, even claims of fraud by the employer are barred by the exclusivity provision of the Act...The only exception

---

immunities and protection..."

5. LeBoon references Paragraph 18 of the Compromise and Release Agreement which states, "Miscellaneous provisions, if any. This agreement does not impact in any manner any other legal matter or administrative proceeding involving the parties. This Agreement fully and completely resolves any workers' compensation claim involving the Claimant, including the work injury of May 6, 2009."

is where the employer knew its employee had a disease and withheld that information, causing an aggravation of the disease"); *Poyser v. Newman & Co.*, 514 Pa. 32, 38, 522 A.2d 548, 551 (1987) (holding that no intentional tort exception exists in the WCA that "preserve[s] the right of an employee to sue in tort when his injury was caused by the employer's intentional wrongdoing"); and *Barber v. Pittsburgh Coming Corp.*, 521 Pa. 29, 39, 555 A.2d 766, 772-73 (1989), rev'g *Barber v. Pittsburgh Coming Corp.*, 529 A.2d 491 (Pa. Super. 1987) (rejecting the approach from *Readinger v. Gottschall.*, 191 A.2d 694 (Pa. Super. 1963) and cases relying on *Readinger*'s reasoning[6] since "[a]ny validity to the analysis in *Readinger* has been lost when the 'accident' concept was discarded by the legislature in 1972 and replaced with the 'injury' approach").

The compromise and release agreement does not constitute a waiver of WCA immunities of either Liberty Mutual or IMX. "The fundamental rule in contract interpretation is to ascertain the intent of the contracting parties." *Ins. Adjustment Bureau, Inc. v. Allstate Ins. Co.*, 588 Pa. 470, 480, 905 A.2d 462, 468 (2006) (citing *Robert F. Felte, Inc. v. White*, 451 Pa. 137, 143, 302 A.2d 347, 351 (1973)). When there is a written contract, "the intent of the parties is the writing itself." *Ins. Adjustment Bureau, Inc.*, 905 A.2d at 480 (citing *Pines Plaza Bowling, Inc. v. Rossview*, 394 Pa. 124, 145 A.2d 672 (1958)). "[I] n determining the intent of the contracting parties, all

---

6. These cases include the case, *McGinn v. Valloti*, 525 A.2d 732 (Pa. Super. 1987) cited by LeBoon.

provisions in the agreement will be construed together and each will be given effect." *LJL Transp, Inc. v. Pilot Air Freight Corp.*, 599 Pa. 546, 559-60, 962 A.2d 639, 647 (2009) (citations omitted). Here, the language of the compromise and release agreement is unambiguous and it contains no evidence of the intent of the parties for Paragraph 18 to constitute a waiver of Liberty Mutual and IMX's WCA immunity. Therefore, as a matter of law, this court concludes that there was no WCA immunity waiver by Liberty Mutual or IMX.

## CONCLUSION

For the foregoing reasons, we sustain Liberty Mutual and IMX's preliminary objection on the basis of WCA immunity. Accordingly, we enter the following order:

## ORDER

And now, July 21, 2011, it is hereby ordered and decreed that upon consideration of defendants, Liberty Mutual Insurance Company and IMX Medical Management Services, Inc.'s preliminary objections, and plaintiff's response thereto, defendants' preliminary objections are disposed of as follows:

1) Liberty Mutual Insurance Company and IMX Medical Management Services, Inc.'s preliminary objections based on Workers' Compensation Act immunity are sustained. Plaintiff's complaint as to Liberty Mutual Insurance Company and IMX Medical Management Services, Inc. is dismissed with prejudice.

2) Liberty Mutual Insurance Company and IMX Medical Management Services, Inc.'s preliminary objections for failure to state a cause of action for Intentional Infliction of Emotional Distress are dismissed as moot.

3) Liberty Mutual Insurance Company and IMX Medical Management Services, Inc.'s preliminary objections for failure to state a cause of action for Negligent Infliction of Emotional Distress are dismissed as moot.

4) Liberty Mutual Insurance Company and IMX Medical Management Services, Inc.'s preliminary objections for insufficient specificity of a pleading are dismissed as moot.

5) Liberty Mutual Insurance Company's preliminary objection for failure to comply with Pa.R.C.P. 1022 is dismissed as moot.

6) IMX Medical Management Services, Inc.'s preliminary objection based on absolute judicial privilege is dismissed as moot.

7) Liberty Mutual Insurance Company's preliminary objection to strike allegation and claim for punitive damages is dismissed as moot.

8) IMX Medical Management Services, Inc.'s preliminary objection for failure to state a fraud claim is dismissed as moot.